IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT BLACK, Individually and as )
Special Administrator of the ESTATE OF )
ELIZABETH BLACK, deceased, )
) 09 C 3988
Plaintiff, )
)
v. ) Hon. Charles R. Norgle
)
KEY SAFETY SYSTEMS, INC., f/k/a )
Breed Technologies, Inc., )
)
Defendant. )

# MEMORANDUM OPINION

CHARLES R. NORGLE, District Judge

Before the Court is Defendant Key Safety Systems, Inc.'s Motion to Dismiss. For the following reasons, the Motion is granted.

## I. BACKGROUND

### A. Facts

The Plaintiff, Robert Black ("Robert"), as Special Administrator of the Estate of Elizabeth Black, alleges the following facts. Prior to her death on November 17, 2006, Elizabeth Black ("Elizabeth") was a citizen of Illinois. Defendant Key Safety Systems, Inc. ("Key") is a Delaware corporation with its principal place of business in Michigan. Key is in the business of designing, manufacturing, assembling, and distributing automobile safety equipment, including seatbelt systems used in Jeep Wrangler Sport Utility vehicles.

1

On November 17, 2006, Elizabeth was driving a 2002 Jeep Wrangler (the "Wrangler") on Interstate Highway 80 in Coralville, Iowa when she lost control of the Wrangler, and it rolled over. (The Court will refer to this event as the "Accident"). The Wrangler was equipped with a Key seatbelt system, which Elizabeth was wearing. The Accident partially ejected Elizabeth from the Wrangler, and she sustained fatal injuries.

### B. Procedural History

Robert filed suit against Chrysler Motors, LLC on October 3, 2007 in the Circuit Court of Cook County, Illinois. The parties were unable to reach a settlement of the case after extended discussions. On May 6, 2009, however, Chrysler filed for bankruptcy. The Circuit Court placed the case on the bankruptcy calendar on May 7, 2009. On May 28, 2009, Robert filed suit against Key in the Circuit Court, alleging negligence, strict product liability, and wrongful death. Key removed the case to the Northern District of Illinois pursuant to the diversity jurisdiction of the Court on July 2, 2009.

Key now moves the Court to dismiss the case as time-barred, asserting that the statute of limitations under Illinois law for personal injury, product liability, and wrongful death claims is two years from the date on which the injury occurs. The Motion is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

Key's Motion to Dismiss is filed pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). In deciding a Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp.,

176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); see Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993) (the Federal Rules of Civil Procedure allow for a liberal system of notice pleading); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (a complaint must only include "fair notice of what the plaintiff's claim is and the grounds upon which it rests"); Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002) ("A complaint need only state the nature of the claim, details can wait for later stages"). When reviewing a motion to dismiss under Rule 12(b)(6), the court therefore merely looks at the sufficiency of the complaint, Swierkiewicz, 534 U.S. at 508; Johnson v. Rivera, 272 F.3d 519, 520-21 (7th Cir. 2001), it does not decide whether the plaintiff has a winning claim. See McCormick v. City of Chicago, 230 F.3d 319, 323-26 (7th Cir. 2000) (analyzing Leatherman, 507 U.S. 163, and reversing the Rule 12(b)(6) dismissal of claims based on §§ 1981 & 1983).

It is unusual, but not improper, to grant a Rule 12(b)(6) motion on the grounds that the complaint is untimely. Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (citing United States v. N. Trust Co., 372 F.3d 886, 888 (7th Cir. 2004)). "[D]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." Id. (citing United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005)); see also Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 847 (7th Cir. 2008); Small v. Chao, 398 F.3d 894, 898 (7th Cir. 2005).

In this diversity action, the Court will apply the substantive law of the state of Illinois. Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).[1] It is well-established that statute of limitations matters are considered substantive under the Erie doctrine. Guaranty Trust v. York, 326 U.S. 99, 110 (1945).

**B. Key's Motion to Dismiss**

Key asserts, and Robert does not dispute, that the statute of limitations period for personal injury, product liability, and Wrongful Death Act claims in Illinois is generally two years from the date on which the alleged injury or death occurs. 735 ILL. COMP. STAT 5/13-202; 735 ILL. COMP. STAT. 5/13-213(d); 740 ILL. COMP. STAT. 180/2. Here, the Accident occurred on November 17, 2006; Robert therefore had until November 17, 2008 to file suit. Robert filed his Complaint against Key on May 28, 2009. Key's assertion that Robert's claim is time-barred under the applicable Illinois statute of limitations is therefore meritorious on its face.

However, Illinois courts recognize that an overly rigid application of the two-year statute of limitations for personal injury suits can be unfair. "To alleviate the harsh consequences that would flow from literal application of the limitations period, the judiciary created the 'discovery rule.'" Golla v. General Motors Corp., 657 N.E.2d 894, 898 (Ill. 1995) (indicating that the Illinois Supreme Court first adopted this principle in Rozny v. Marnul, 250 N.E.2d 656 (Ill. 1969)). The Illinois discovery rule provides that "a cause of action accrues, and the limitations period begins to run, when the party seeking relief knows or reasonably should know of an injury and that it was wrongfully caused." Feltmeier v. Feltmeier, 798 N.E.2d 75, 89 (Ill. 2003); Parks v. Kownacki, 737 N.E.2d 287, 294 (Ill. 2000). The discovery rule has been applied to various

---

[1] The parties do not assert that the law of any other state should apply.

causes of action in Illinois, including wrongful death and product liability. Wyness v. Armstrong World Indus., 546 N.E.2d 568, 573 (Ill.1989); Golla, 657 N.E.2d at 898.

When determining when a plaintiff should reasonably have discovered his or her injury, Illinois courts inquire into whether the injury was caused by a "sudden, traumatic event," or became apparent only after a "late or 'insidious' onset." Hollander, 457 F.3d at 692 (quoting Hauk v. Reyes, 616 N.E.2d 358, 360 (Ill. App. Ct. 1993)). "[A] 'sudden, traumatic event' is one that, because of its force or violence, permits the law to presume that the event immediately placed the plaintiff on notice of her injury and a right of action." Id. (citing Golla, 657 N.E.2d at 899). When a plaintiff suffers such an injury, the statute of limitations period begins to run on the same day as the traumatic event. Id. On the other hand, certain injuries only become apparent after the passage of time. "In insidious onset cases . . . the nature of the event does not permit the plaintiff to learn of her injury, or of the causal link between the defendant's conduct and her injury, until some time after the event." Id. For example, a plaintiff unknowingly exposed to asbestos might not discover his or her injuries, or the cause of those injuries, until years later. Nolan v. Johns-Manville Asbestos, 421 N.E.2d 864, 866 (Ill. 1981). In these cases, the statute of limitations begins to run from the date the plaintiff actually discovered, or reasonably should have discovered, the injury and its cause. Id. at 868.

Key accurately asserts that Illinois courts uniformly hold that automobile accidents such as Elizabeth's fall firmly within the "sudden, traumatic event" category. Golla, 657 N.E.2d at 899; Morietta v. Reese Constr. Co., 808 N.E.2d 1046, 1051 (Ill. App. Ct. 2004); Lowe v. Ford Motor Co., 730 N.E.2d 58, 61-62 (Ill. App. Ct. 2000). The Accident thus put Robert on notice of the injury to Elizabeth on the day it occurred, and should have prompted investigation by Robert

into its cause. Id. (citing Urchel v. Holy Cross Hospital, 403 N.E.2d 545 (Ill. 1980)). The discovery rule therefore cannot save Robert's claim. See id.

The Court thus finds that the two-year statute of limitations period under Illinois law began to run on the date of the Accident, November 17, 2006. Since Robert filed his suit against Key on May 28, 2009, it is time-barred under the applicable Illinois statute of limitations. See id.; Golla, 657 N.E.2d at 899.

### III. CONCLUSION

For the foregoing reasons, Key's Motion to Dismiss is granted.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

Dated: September 15, 2009